IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHARON CLOUD,

                    **Plaintiff,**

          v.                              **CASE NO. 22-3155-JWL-JPO**

STATE OF KANSAS,

                    **Defendant.**

### MEMORANDUM AND ORDER

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a detainee held at the Larned Security Hospital (LSH), proceeds pro se. Her fee status is pending.

### Nature of the Complaint

Plaintiff brings this action as an emergency complaint alleging abuse and neglect during her placement at the LSH. She contends that her involuntary placement at the LSH is a "punishment tool" used by the State of Kansas, that she is allowed to eat only once each day, and that she had been advised that if she refuses medication for seizures, she will be forcibly medicated. She seeks immediate relief from State control.

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line

from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

### Discussion

The court has examined the complaint and will direct the plaintiff to submit her complaint on a form pleading. The court notes that a complaint form was sent to the plaintiff by the clerk of the court upon the opening of this action.

The court has liberally construed the complaint as an action under 42 U.S.C. § 1983. To state a claim for relief under § 1983, a plaintiff must assert acts by individual government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

To hold defendants liable in an action under § 1983, Ms. Cloud must allege specific facts that show how each individual defendant personally participated in the acts that caused the alleged constitutional violation. *See Foote v. Spiegel,* 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability ... must be based on personal involvement in the alleged constitutional violation.").

Finally, in order to comply with Rule 8 of the Federal Rules of Civil Procedure, Ms. Cloud must state what each named defendant did, when the defendant did it, how the defendant's action harmed her, what specific legal right she believes the defendant violated, and

what relief she seeks. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (citations omitted).

Accordingly, the court will direct Ms. Cloud to prepare an amended complaint using the form that was supplied to her. An amended complaint is not an addendum or supplement to the original complaint but completely supersedes it. Therefore, any claims or allegations not presented in the amended complaint are no longer before the court. Plaintiff may not simply refer to an earlier pleading; instead, the complaint must contain all allegations and claims that plaintiff intends to present in the action, including those to be retained from the original complaint. Plaintiff must include the case number of this action on the first page of the amended complaint. If plaintiff fails to submit the amended complaint as directed, the court will render a decision on the original complaint and may dismiss this matter without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before **August 17, 2022**, plaintiff shall submit an amended complaint as directed.

**IT IS SO ORDERED.**

DATED:  This 3d day of August, 2022, at Kansas City, Kansas.


S/ James P. O'Hara
JAMES P. O'HARA
U.S. Magistrate Judge