**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

SHARON CLOUD,

    Plaintiff,

    v.

STATE OF KANSAS,

    Defendant

Case No. 22-3155-JWL-JPO

**MEMORANDUM AND ORDER**

This matter is before the court on material to the court submitted on July 29, 2022, by a person held at the Larned State Hospital on a hold submitted by Pawnee County. The filing was captioned as an emergency complaint of abuse and neglect. The court liberally construed the material as a complaint filed under 42 U.S.C. § 1983 and, by an order entered on August 3, 2022, directed Ms. Cloud to submit an amended complaint on a form provided by the clerk of the court. The order directed Ms. Cloud to submit the complaint on or before August 17, 2022, and it advised her that if she did not file a complaint by that time, the court would screen the original complaint.

Ms. Cloud did not file a response, but on August 5, 2022, she submitted a second document captioned as an emergency pleading addressed to all of the judges of this district. The clerk of the court docketed this submission as a notice.

The court has carefully reviewed the notice but finds that Ms. Cloud has not supplied the information needed to proceed in an action under § 1983. The notice does not identify any individual defendant or any specific acts or omissions that show the violation of a federal right.

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint "must contain ... a short and plain statement of the claim showing that [he] is entitled to relief," Fed. R. Civ. P. 8(a)(2), with allegations that are "simple, concise, and direct," Fed. R. Civ. P. 8(d)(1).

The purpose of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989) (quoting *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979)).

Neither of the submissions by Ms. Cloud is sufficient to state a claim for relief. While she presents a general statement of the grounds of her complaints, such as the medical care administered for seizures and her inability to access food she purchased on-line, she does not identify individual defendants or explain how actions of any individual state actor violated her protected rights. The court has considered the record and concludes that Ms. Cloud has not presented a complaint that states a claim for relief.

THE COURT THEREFORE ORDERS that this matter is dismissed for failure to state a claim for relief.

THE COURT FURTHER ORDERS that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is denied as moot.

IT IS SO ORDERED

Dated: August 29, 2022                    /s/  John W. Lungstrum
                                          JOHN W. LUNGSTRUM
                                          UNITED STATES DISTRICT JUDGE